UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Keren Kayemeth LeIsrael-Jewish National Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Education for a Just Peace in the Middle East d/b/a US Campaign for Palestinian Rights, <br><br> Defendant. | Civil Action No. 19-cv-3425-RJL |

**DEFENDANT US CAMPAIGN FOR PALESTINIAN RIGHTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(e)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................ ii

I.    THE STANDARD FOR A RULE 59(e) MOTION ........................................... 1

II.   PLAINTIFFS OFFER NO SUPPORT FOR RECONSIDERATION OF THE
      DISMISSAL OF THEIR DIRECT LIABILITY CLAIMS. ................................ 2

   A. The Court correctly applied the standard for direct liability under 18 U.S.C. § 2333(a). .. 2

   B. This Court properly rejected the Complaint's reliance on conclusory allegations. ............ 4

   C. Defendants cannot rely on the prospect of expert testimony to bolster their conclusory
      allegations to survive a motion to dismiss. ........................................................ 4

III.  THE COURT PROPERLY FOUND THAT THE COMPLAINT FAILED TO
      ALLEGE AIDING AND ABETTING LIABILITY ........................................ 5

IV.   PLAINTIFFS' CITATIONS TO OTHER DISTRICT COURT CASES ARE
      INAPPOSITE ...................................................................................... 8

CONCLUSION ...................................................................................... 9

i

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anyanwutaku v. Moore*,
  151 F.3d 1053 (D.C. Cir. 1998) ...................................................................................1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................4, 6

*Bartlett v. Societe Generale de Banque Au Liban SAL*,
  No. 19-CV-00007 (CBA) (VMS), 2020 WL 7089448 (E.D.N.Y. Nov. 25,
  2020) ......................................................................................................................6, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................................4, 6

*Boim v. Holy Land Found. for Relief & Dev.*,
  549 F.3d 685 (7th Cir. 2008) (en banc) ....................................................................3

*Ciralsky v. CIA*,
  355 F.3d 661 (D.C. Cir. 2004) ...............................................................................1, 8

*Cobell v. Jewell*,
  802 F.3d 12 (D.C. Cir. 2015) ....................................................................................1

*Crosby v. Twitter, Inc.*,
  921 F.3d 617 (6th Cir. 2019) .....................................................................................2

*Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.*,
  495 F. Supp. 3d 144 (E.D.N.Y. 2020) .......................................................................8

*Firestone v. Firestone*,
  76 F.3d 1205 (D.C. Cir. 1996) ..................................................................................1

*Freeman v. HSBC Holdings PLC*,
  No. 18-CV-7359 (PKC) (CLP), 2021 WL 76925 (E.D.N.Y. Jan. 7, 2021)................8

*GSS Grp. Ltd. v. Nat'l Port Auth.*,
  680 F.3d 805 (D.C. Cir. 2012) ..................................................................................7

*Halberstam v. Welch*,
  705 F.2d 472 (D.C. Cir. 1983) ..........................................................................5, 6, 7

*Holland v. Big River Minerals Corp.*,
  181 F.3d 597 (4th Cir. 1999) .....................................................................................7

*Kattan ex rel. Thomas v. District of Columbia*,
  995 F.2d 274 (D.C. Cir. 1993) .......................................................................2, 4

*Kemper v. Deutsche Bank AG*,
  911 F.3d 383 (7th Cir. 2018) ...............................................................................3

*Leidos, Inc. v. Hellenic Republic*,
  881 F.3d 213 (D.C. Cir. 2018) ..............................................................................1

*Lelchook v. Syrian Arab Republic*,
  No. 16-01550 (RC/RMM), 2019 WL 2191323 (D.D.C. Jan. 31, 2019) ..................5

*Martin v. Omni Hotels Mgmt. Corp.*,
  321 F.R.D. 35 (D.D.C. 2017) ................................................................................1

*New York v. United States*,
  880 F. Supp. 37 (D.D.C. 1995) .............................................................................2

*Niedermeier v. Office of Baucus*,
  153 F. Supp. 2d 23 (D.D.C. 2001) ........................................................................1

*Owens v. BNP Paribas, S.A.*,
  897 F.3d 266 (D.C. Cir. 2018) ..........................................................................2, 3

*Owens v. Republic of Sudan*,
  864 F.3d 751 (D.C. Cir. 2017) ..........................................................................2, 5

*Rothstein v. UBS AG*,
  708 F.3d 82 (2d Cir. 2013) ...............................................................................2, 3

**Statutes**

18 U.S.C. § 2333 ...............................................................................................2, 4, 5

**Rules**

Fed. R. Civ. P. 12 .................................................................................................4

Fed. R. Civ. P. 59(e) ...............................................................................1, 2, 3, 4, 5, 7

Plaintiffs' Motion for Reconsideration ("Mot. Recons.") should be denied because it fails to satisfy the requirements of Rule 59(e). That is, the Motion does not "establish[] extraordinary circumstances," *Martin v. Omni Hotels Management Corp.*, 321 F.R.D. 35, 38 (D.D.C. 2017) (internal quotations omitted), or point to an intervening change of law, new evidence, clear error or manifest injustice. *Ciralsky v. CIA*, 355 F.3d 661, 671 (D.C. Cir. 2004) (internal quotations omitted). Plaintiffs do not even mention the Rule 59(e) standard in their Motion. Instead, they improperly recapitulate the failed arguments in their Opposition to the Motion to Dismiss ("Opp'n Mot. Dismiss"), rely once again on conclusory allegations, and ignore settled law in this jurisdiction. Plaintiffs have not met the requirements of Rule 59(e) and their Motion should be denied.

## I.    THE STANDARD FOR A RULE 59(e) MOTION

Motions under Rule 59(e) are "disfavored and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Baucus,* 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore,* 151 F.3d 1053, 1057 (D.C. Cir. 1998)). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Ciralsky,* 355 F.3d at 671 (quoting *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996)). "[C]lear error" requires an "error of law which compel[s] a change in the court's ruling." *Cobell v. Jewell*, 802 F.3d 12, 25 (D.C. Cir. 2015) (internal citation omitted). "[M]anifest injustice" requires "at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotation marks and citations omitted).

Finally, a Rule 59(e) motion is not an avenue for a "losing party . . . to raise new issues that could have been raised previously," *Kattan ex rel. Thomas v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993), or "an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

Plaintiffs' Motion for Reconsideration should be denied because it meets none of the requirements for such a motion.

## II.   PLAINTIFFS OFFER NO SUPPORT FOR RECONSIDERATION OF THE DISMISSAL OF THEIR DIRECT LIABILITY CLAIMS.

### A.   The Court correctly applied the standard for direct liability under 18 U.S.C. § 2333(a).

This Court correctly relied on *Owens v. BNP Paribas, S.A.*, 897 F.3d 266 (D.C. Cir. 2018); *Crosby v. Twitter, Inc.*, 921 F.3d 617 (6th Cir. 2019); *Owens v. Republic of Sudan*, 864 F.3d 751 (D.C. Cir. 2017), *vacated in part and remanded on other grounds sub nom. Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020); and *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013), which state that direct liability under Section 2333(a) requires that a defendant's conduct be a "proximate cause" of the plaintiff's injuries. Memorandum Opinion Denying Motion to Dismiss ("Mem. Op.") 4-5. Applied to this case, the proximate cause standard requires that Plaintiffs allege facts to support the claim that the conduct of Defendant US Campaign for Palestinian Rights ("US Campaign") was a "substantial factor" in the events that led to their alleged injuries and "led directly" to those injuries, and that there was "some direct relation between the injury asserted and the injurious conduct alleged." *Id.* at 5 (quoting *Owens*, 897 F.3d at 273 n.8).  Plaintiffs simply ignore this governing law in the pending Motion, as they did in their Opposition to the Motion to Dismiss. *See id.* at 5-7.  Plaintiffs rely on, and even further distort, the same conclusory allegations, none of which show the direct or substantial relationship

required by the proximate cause standard.[1]  As this Court noted, "because 'the presence of an independent intermediary' makes a defendant 'more than one step removed from a terrorist act or organization,' it 'create[s] a more attenuated chain of causation . . . than one in which a supporter of terrorism provides funds directly to a terrorist organization.'" Mem. Op. 5, citing *Owens,* 897 F.3d at 275, and *Rothstein*, 708 F.3d at 97.

Rather than address the shortcomings of their allegations under the governing precedent, Plaintiffs improperly rely on a Seventh Circuit case, *Boim v. Holy Land Foundation for Relief & Development*, 549 F.3d 685 (7th Cir. 2008) (en banc). First, this argument was previously presented to this Court, Opp'n Mot. Dismiss 10-11, and rebutted in Defendant's Reply Brief in Support of Motion to Dismiss 8-9, which identified authority superseding *Boim* and contrary precedent in this Circuit. This Court's decision not to follow *Boim* does not amount to "clear error" or "manifest injustice," as required to sustain a Rule 59(e) motion.

Second, Plaintiffs' *Boim* argument is wrong. The Seventh Circuit has explicitly repudiated language in *Boim* "that might be read to suggest that something less than proximate cause might suffice to prove ATA liability." *Kemper v. Deutsche Bank AG*, 911 F.3d 383, 391 (7th Cir. 2018), *reh'g en banc denied* (2019). *Kemper* clarified that the Seventh Circuit interpretation of the ATA liability standard is consistent with that adopted by this Circuit and by the Second and Ninth Circuits "in holding that proximate cause is necessary for ATA liability." *Id.* at 392.  Here, as this Court held, the Complaint fails because it does not allege wrongful conduct by the US Campaign that "led directly" to Plaintiffs' injuries.

Finally, Plaintiffs' attempt to invent a new distinction between single-purpose and multi-

---

[1] Plaintiffs also claim that the Court "mistakenly calls" the BNC a "broad coalition leading a global movement for Palestinian rights," Mot. Recons. 7-8, but Plaintiffs' own Complaint contains a description of the BNC as the "broadest coalition in Palestinian civil society that leads the global BDS movement for Palestinian rights." Compl. ¶ 124.

purpose organizations has no legal basis. Mot.  Recons. 2-4. None of the cases cited by Plaintiffs

turn on that novel distinction. A Rule 59(e) motion is not the place to raise an argument that

could have been raised previously. *Kattan*, 995 F.2d at 276.  And the argument is ill-founded:

Plaintiffs' observation about Defendant's size or number of "purposes" has no logical relevance

to the applicable law.

**B.      This Court properly rejected the Complaint's reliance on conclusory allegations.**

Plaintiffs simply ignore the requirement that a complaint rely on factual, non-conclusory

allegations to support a claim, as set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Here again, they repeat the

conclusory allegation that US Campaign provided "assistance" to "HAMAS' dispatch of terror

balloons and kites," Mot.  Recons. 4, and cite to the same sections of the Complaint on which

they relied in their Opposition to the Motion to Dismiss, *id.* at 4-8. However, this Court properly

found that "Plaintiffs' conclusory assertions that the US Campaign directly financed or supported

Hamas, lacking in any specific factual basis, cannot save plaintiffs' direct-liability claims."

Mem. Op. 7. Plaintiffs' Rule 59(e) Motion cites no new factual allegations to contradict that

finding.

**C.      Defendants cannot rely on the prospect of expert testimony to bolster their conclusory allegations to survive a motion to dismiss.**

Apparently recognizing that the Complaint itself lacks factual allegation to support direct

liability under Section 2333(a), Plaintiffs seem to suggest (for the first time) that liability could

be established by expert testimony based on those insufficient facts. Mot.  Recons. 6-7.  The

evidence cited—connections between assorted events and various groups that are not before the

Court—is irrelevant to a claim against the US Campaign.  Moreover, the possibility of expert

testimony does not negate Rule 12's requirement that a complaint state a claim upon which relief

can be granted; nor does it qualify as an extraordinary circumstance warranting a Rule 59(e) motion.  The two cases cited by Plaintiffs on the admissibility of expert testimony do not suggest otherwise and are inapposite.   Both *Lelchook v. Syrian Arab Republic*, No. 16-01550 (RC/RMM), 2019 WL 2191323 (D.D.C. Jan. 31, 2019), *report and recommendation adopted*, 2019 WL 2191177 (Mar. 25, 2019), and *Owens v. Republic of Sudan*, 864 F.3d at 787, were decided on default judgments, not motions to dismiss. Both considered expert declarations as evidence of the facts alleged in the complaint, not as a substitute for the factual allegations required to state a claim.

## III.   THE COURT PROPERLY FOUND THAT THE COMPLAINT FAILED TO ALLEGE AIDING AND ABETTING LIABILITY

This Court looked to *Halberstam v. Welch*, 705 F.2d 472, 478 (D.C. Cir. 1983), for the factors useful in determining "how much encouragement or assistance is substantial enough." Mem. Op. 9, citing 18 U.S.C. § 2333 Statutory Note (Findings and Purpose (a)(5)).  The Court concluded that, "[w]hen applied to plaintiffs' allegations . . . the *Halberstam* factors demonstrate defendant's purported aid was *not* substantial." Mem. Op. 9.  Plaintiffs' argument that this Court failed to properly apply the six *Halberstam* factors to allegations of the Complaint rests on their continued failure to distinguish allegations of fact from conclusions unsupported by facts.

To begin, the Complaint's allegations do not meet the first and second *Halberstam* factors, which require that the alleged acts were "heavily dependent" on the assistance provided, and that the assistance was "indisputably important" to or an "essential part of" the act. *Halberstam*, 705 F.2d at 488. Although Plaintiffs' Motion asserts again that funds raised by the US Campaign "materially supported BNC and, through BNC, enabled HAMAS to organize terrorist attacks launched from Gaza," they cite no facts to support those conclusions. Mot. Recons. 11. As the Court noted, "plaintiffs make threadbare assertions that defendant provided

substantial assistance and played an integral role in Hamas and other foreign terror organizations' terrorist activities, without specifying what support played such a role, or how." Mem. Op. 9.

This Court addressed the third *Halberstam* factor by finding that "plaintiffs do not allege that defendants were [sic] present at any of the attacks."   Mem. Op. 10. For the first time, Plaintiffs argue that the fact that US Campaign had no presence is irrelevant, as this case concerns "material aid." Mot.  Recons. 12, citing *Bartlett v. Societe Generale de Banque Au Liban SAL*, No. 19-CV-00007 (CBA) (VMS), 2020 WL 7089448 at *13 (E.D.N.Y. Nov. 25, 2020).  Even if this factor is given "little weight" where attacks require "*substantial* funding activities which can be expected to occur far earlier and away from where the [a]ttacks were committed," *id*. (emphasis added), as Plaintiffs suggest, Plaintiffs failed to allege any substantial funding activities or make any connections between funding and any attacks. Mem. Op. 8-11.

Factor four considers whether the defendant has a special relationship with the principal. This Court found the factual allegations failed to demonstrate such a relationship. Instead, the factual allegations point to the US Campaign's relationship with the BNC, not to direct ties to Hamas or other designated terrorist organizations. Mem. Op. 10. Plaintiffs' motion simply reargues the conclusory allegations rejected by this Court. *See* Mot. Recons. 12.

Plaintiffs wrongly claim that the fifth factor was met because US Campaign is "one in spirit" with Hamas. *Id*. They attempt to support that claim by citing tweets and emails that protest the Israeli military's use of force against protestors in Gaza and that support a call to recognize refugees' right to return home. Compl. ¶¶ 132-134.  The leap from those messages to Plaintiffs' conclusion that the US Campaign "presumptively endorsed" the launching of balloons

and kites from Gaza by Hamas or any other organization strains credulity, and does not meet the requirements of *Iqbal* and *Twombly*. Mot. Recons. 13.

In their Opposition to the Motion to Dismiss, Plaintiffs did not raise the sixth *Halberstam* factor, the length of time an alleged aider-abettor has been involved with a tortfeasor (*Halberstam*, 705 F.2d at 484), which they accuse this Court of having "minimized." Mot. Recons. 13.[2] Nothing in Plaintiffs' new argument about the sixth *Halberstam* factor can excuse their failure to raise it at the motion to dismiss stage.  Regardless, Plaintiffs again distort the allegations in their Complaint, incorrectly stating that "Paragraphs 122 and 123 allege that as early as 2008, [US Campaign] began to partner and serve in the United States as the fiscal sponsor of BNC." Mot. Recons. 13.  Plaintiffs' Complaint, however, alleges only that the US Campaign "became a major partner with the BNC" in 2008, Compl. ¶ 122, and served as the BNC's U.S.-based fiscal sponsor "[a]s of at least November 2017." Compl. ¶ 123. And the Complaint contains no factual allegation about how long this financial arrangement continued. Moreover, the Complaint alleges that US Campaign's support for the Great March of Return began in November 2018 (Compl. ¶ 114), but does not specify the dates of the individual plaintiffs' injuries, except for the allegations concerning the Rosenfeld family, whose home was allegedly hit by a rocket fired by Hamas in July 2018, before US Campaign's alleged support for the March had begun. Compl. ¶ 173.

Finally, given that the Complaint was filed in November 2019, only a year after US Campaign's alleged support for the March began, no factual allegations indicate a longstanding

---

[2] "Rule 59(e) motions are aimed at reconsideration, not *initial consideration*." *GSS Grp. Ltd. v. Nat'l Port Auth.*, 680 F.3d 805, 812 (D.C. Cir. 2012) (citation omitted) (emphasis added).  "[A]n issue presented for the first time in a motion pursuant to Federal Rule of Civil Procedure 59(e) generally is not timely raised." *Holland v. Big River Minerals Corp.,* 181 F.3d 597, 605 (4th Cir. 1999) (collecting cases). There are no special circumstances that would permit Plaintiffs to raise this issue in their Rule 59(e) Motion.

relationship between US Campaign and Hamas. Plaintiffs' reliance on *Halberstam*, which involved a five-year-long burglary campaign, 705 F.2d at 488, is misplaced.  In sum, Plaintiffs offer no support for their Motion to reconsider this Court's holding as to aiding and abetting liability.

## IV.   PLAINTIFFS' CITATIONS TO OTHER DISTRICT COURT CASES ARE INAPPOSITE

Plaintiffs ask this Court to reconsider its well-reasoned opinion by citing to district court opinions that the Court had an opportunity to consider, given that all were issued before the Court decided the Motion to Dismiss.[3]  Furthermore, Plaintiffs' cases are not persuasive, or even relevant. *Bartlett*, 2020 WL 7089448, and *Estate of Henkin v. Kuveyt Turk Katilim Bankasi, A.S.,* 495 F. Supp. 3d 144 (E.D.N.Y. 2020), *appeal filed*, No. 21-513 (2nd Cir. Mar. 4, 2021), both involved motions to dismiss cases against banking institutions that held accounts of customers who were themselves designated FTO-affiliated Specially Designated Global Terrorists (among many other factors listed in the opinions as contributing to the banks' knowingly providing substantial assistance to an FTO), and that those customers were designated at the time of all or at least some of the attacks at issue. *Freeman v. HSBC Holdings PLC*, No. 18-CV-7359 (PKC) (CLP), 2021 WL 76925 (E.D.N.Y. Jan. 7, 2021), involved a default judgment against Bank Saderat, which itself was a Specially Designated Global Terrorist. *Id.* at *2-3. Thus, these are not intervening changes in controlling law, *Ciralsky,* 355 F.3d at 671, both because they are not controlling (and are in fact not relevant), and because this Court had the benefit of these cases when it examined US Campaign's Motion to Dismiss.

---

[3] If Plaintiffs viewed these decisions as relevant and persuasive, they could have filed a notice of supplemental authority when the opinions were issued.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' Motion for Reconsideration.

Dated: May 10, 2021                        Respectfully submitted,

/s/ Shayana D. Kadidal
Shayana D. Kadidal (D.C. Bar No. 454248)
Diala Shamas (admitted *pro hac vice*)
Maria C. LaHood (admitted *pro hac vice*)
Judith Chomsky (admitted *pro hac vice*)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York, 10012
Tel.: (212) 614-6438
Fax: (212) 614-6422
kadidal@ccrjustice.org

/s/ Dawn C. Doherty
Dawn C. Doherty (D.C. Bar No. 414534)
300 Delaware Avenue, #900
Wilmington, DE  19801
(302) 658-6538
DDoherty@moodklaw.com

David P. Helwig (admitted *pro hac vice*)
707 Grant Street
Suite 2600, Gulf Tower
Pittsburgh, PA 15219

MARKS, O'NEILL, O'BRIEN,
DOHERTY & KELLY, P.C.

*Attorneys for Defendant US Campaign for
Palestinian Rights*