UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Keren Kayemeth LeIsrael-Jewish National Fund, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>Education for a Just Peace in the Middle East d/b/a US Campaign for Palestinian Rights<br><br>        Defendant. | Civil Action No. 1:19-cv-03425 |

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER**

COME NOW the Plaintiffs and hereby file their Reply to the Brief in Opposition to Plaintiffs' Motion for Reconsideration (D.E. 29) ("USCPR Opposition") submitted by Defendant, Education for Just Peace in the Middle East, d/b/a US Campaign for Palestinian Rights (hereinafter "Defendant" or "USCPR"). This Court should reconsider its dismissal of Plaintiffs' Complaint in accordance with Fed. R. of Civ. P. 59(e) as the Court's dismissal is based on a clear error in the application of law.

Moreover, as noted *infra* in Section IV, new relevant facts have developed in the days following the filing of USCPR's Opposition. The Court should take note of the barrage of missiles and incendiary terror devices launched this week from

1

HAMAS-controlled Gaza into Israel, killing, maiming, and destroying lives, families, and nature. HAMAS is a designated Foreign Terrorist Organization that receives sponsorship and material support that enable it to commit atrocious terror attacks. Plaintiffs' Complaint alleges that the Defendant has provided material support and/or aided and abetted HAMAS' terror attacks from Gaza against innocent civilians in Israel. These allegations more than suffice to entitle the Plaintiffs to pursue this action, pursue discovery, and have the day in court to which they are entitled.

## I.
## THE RULE 59(e) STANDARD IS SATISFIED BECAUSE THE DISMISSAL OF THE COMPLAINT WAS A "CLEAR ERROR OF LAW"

USCPR asserts erroneously that Plaintiffs "do not even mention the Rule 59(e) standard" in their Motion for Reconsideration. Page 14 of the Plaintiffs' Motion invokes Rule 59(e), notes that a Court abuses its discretion if it fails to reconsider a "clear error of law," and cites the *Firestone* and *Anyanwutaku,* cases on which the Defendant relies.

USCPR's Opposition also implies that motions for reconsideration are routinely and invariably rejected. Strikingly absent from the array of precedents in the Opposition is *True the Vote, Inc. v. Internal Revenue Service*, 126 A.F.T.R.2d 2020-6180, pp. 5-6, 2020 WL 5656694, p. 6 (D.D.C. Sept. 23, 2020), in which Judge Walton recently deemed reconsideration "appropriate" and granted

defendants' motion "to correct a clear error." See also *Turkmani v. Republic of Bolivia*, 273 F. Supp. 2d 45, 50 (D.D.C. 2002) (the court can and should correct clear errors in order to "preserve the integrity of the final judgment.").

## II.

### *KEMPER* APPLIED AND DID NOT "REPUDIATE" *BOIM*

USCPR dismisses the precedent that most closely parallels this case, an *en banc* decision of the Seventh Circuit written by Judge Richard Posner – *Boim v. Holy Land Foundation for Relief & Development*, 549 F.3d 685 (7th Cir. 2008). Its Opposition declares that *Boim* was "explicitly repudiated" in *Kemper v. Deutsche Bank AG*, 911 F.3d 383 (7th Cir. 2018). USCPR has apparently failed to read the *Kemper* opinion. Nowhere does the *Kemper* opinion "repudiate" or even question the *Boim* ruling or its rationale. In *Kemper,* Chief Judge Wood confirmed the *Boim* decision and said, in language that is particularly applicable to the facts alleged in the complaint in this case, "[t]he analogy between multiple sources providing material support to terrorists, and multiple hunters firing in the same direction, while imperfect, is helpful." 911 F.3d at 391.

The Defendant chose in its initial Motion to Dismiss to ignore *Boim* altogether. In USCPR's Opposition it baselessly declares (p. 9) that the Second, and Ninth Circuits had issued decisions that conflicted with *Boim*. In fact, the Ninth and Second Circuit rulings – *Fields v. Twitter, Inc.*, 881 F.3d 739 (9th Cir.

3

2018), and *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013) – did not reject *Boim*. The *Fields* opinion did not cite or discuss *Boim*. At the very end of the *Rothstein* opinion the Second Circuit cited *Boim* approvingly in support of its conclusion that, standing alone, Section 2333(a) does not impose aiding-and-abetting liability.

### III.

### PLAINTIFFS' COMPLAINT PLAUSIBLY ALLEGED PROXIMATE CAUSE BY THE STANDARD OF *BOIM*

The Complaint alleges in Paragraphs 120 through 143 that USCPR materially supports HAMAS' terrorist activities by (a) enabling donors to make tax-deductible contributions through the Defendant, which purports to act as a "fiscal sponsor" and which violates its fiduciary and other obligations as a US 501(c)(3) organization by sending US dollars to a non-US entity and non-charitable organization, the BNC, which is a "foreign entity consisting of US designated Foreign Terrorist Organizations," and (b) promoting, sponsoring, and serving as the US partner of the Great Return Marches, which are supported by HAMAS and which generate and launch "explosive charges" and "incendiary terror balloons and kites." These are plausible specific allegations that the Plaintiffs are entitled to prove in plenary proceedings.

If proved, the allegations are a proximate cause of the injuries specified in Paragraphs 157-196 of the Complaint. They would render USCPR liable both

under Section 2333(a) ("Direct Liability") and under Section 2333(d) ("Aiding-and-Abetting Liability").

These allegations are not "conclusory." They allege a "specific factual basis" for both direct and aiding-and-abetting liability. BNC can gather tax-deductible contributions in the United States because USCPR provides a tax-deductible façade. Hence USCPR substantially assists the financing of Foreign Terrorist Organizations in the same manner as the defendants did in the *Boim* case. Judge Posner's "chain of incorporations" established the proximate cause that tied fund-collection and distribution of money by the Holy Land Foundation and the other defendants in *Boim* to the murders committed by HAMAS. By the same reasoning, the material support given to HAMAS by USCPR's support of HAMAS' Great Return Marches and USCPR's charitable solicitations for BNC proximately caused the injuries suffered by the Plaintiffs.

There may indeed be other contributors and supporters of HAMAS' terrorist conduct. But, as both *Boim* and *Kemper* recognized, the proximate-cause element does not require that the defendant's conduct be the sole exclusive cause of a plaintiff's injury. "Multiple sources" may provide "material support to terrorists," and the conduct of each is the proximate cause of an injury giving rise to liability under Sections 2333(a) and 2333(d).

## IV.

## HAMAS' CURRENT DISPATCH OF MURDEROUS ROCKETS IN ADDITION TO ITS CONTINUED LAUNCHING OF MISSILES, ROCKETS, AND INCENDIARY TERROR DEVICES IN THE FORM OF EXPLOSIVE BALLOONS HEIGHTENS THE IMPORTANCE OF JUDICIAL RELIEF

The importance of this case has been further proved in the days following the filing of USCPR's latest pleading. As of the filing of this Reply, approximately 1500 deadly rockets have been fired by HAMAS in Gaza at Israeli civilian targets and have resulted in the deaths of several Israelis. As U.S. Secretary of State Anthony Blinken stated on May 12, 2021, "There is first a very clear and absolute distinction between a terrorist organization, Hamas, that is indiscriminately raining down rockets – in fact, targeting civilians – and Israel's response defending itself that is targeting the terrorists who are raining down rockets on Israel." Secretary Anthony J. Blinken on Release of the 2020 International Religious Freedom Report - United States Department of State.[1] *See also* Appendix attached hereto that reproduces some news articles reporting on these HAMAS terrorist measures.

Anyone who provides direct or indirect financial support to HAMAS is supporting terrorist murder of innocent individuals, be they citizens of Israel or of another country. Very recent events demonstrate conclusively that funding a

---

[1] https://www.state.gov/secretary-antony-j-blinken-on-release-of-the-2020-international-religious-freedom-report/

terrorist group such as HAMAS supports that group's heinous and murderous attacks.  *See e.g. Bartlett v. Societe Generale de Banque un Liban SAL*, 2020 WL 7089448, at *12-16 (E.D. N.Y. Nov 25, 2020); *Miller v. Arab Bank, PLC*, 372 F.Supp.3d 33, 47-48 (E.D.N.Y. 2019). If a national of the United States is injured or killed, an entity in the United States such as USCPR that provides direct or indirect financial support to HAMAS should be held liable under American anti-terrorist law.

## CONCLUSION

This Court should grant the Plaintiffs' Motion for Reconsideration and permit this case to proceed to discovery and a trial.

Dated:  May 14, 2021          Respectfully Submitted,

HEIDEMAN NUDELMAN & KALIK P.C.
5335 Wisconsin Avenue, NW, Suite 440
Washington, DC  20015
Telephone:  202-463-1818

By:___/s/Tracy Reichman Kalik_____
     Richard D. Heideman (D.C. Bar No. 377462)
     Noel J. Nudelman (D.C. Bar No. 449969)
     Tracy Reichman Kalik (D.C. Bar No. 462055)

Nathan Lewin
Alyza D. Lewin
LEWIN & LEWIN, LLP
888 17th Street, N.W., 4th Floor
Washington, DC 20006

Of Counsel